IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DOUGLAS BEARDEN, Plaintiff, v. INTEGRITY FINANCIAL PARTNERS, INC., a Kansas corporation, Defendant. | CIVIL ACTION FILE No. _____ |

**COMPLAINT**

**INTRODUCTION**

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

**SUBJECT MATTER JURISDICTION**

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff is a resident of this State, District and Division and is authorized by law to bring this action.

4. Defendant, INTEGRITY FINANCIAL PARTNERS, INC. is a corporation organized under the laws of the State of Kansas. [Hereinafter, said Defendant is referred to as "INTEGRITY"].

5. INTEGRITY transacts business in this state.

6. INTEGRITY's transactions in this state give rise to the Plaintiff's cause of action.

7. INTEGRITY is subject to the jurisdiction and venue of this Court.

8. INTEGRITY may be served by personal service upon its registered agent in the State of Georgia, to wit: Corporation Service Company, 40 Technology Parkway South, #300, Norcross, GA 30092.

9. Alternatively, INTEGRITY may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia or Kansas.

## FACTS COMMON TO ALL CAUSES

10. INTEGRITY uses the mails in its business.

11. INTEGRITY uses telephone communications in its business.

12. The principle purpose of INTEGRITY's business is the collection of debts.

13. INTEGRITY regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

14. INTEGRITY is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

15. In the course of attempting to collect a consumer debt allegedly due from Plaintiff to a business not a party to this litigation, INTEGRITY communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

16. The alleged debt allegedly arose from a personal credit card account.

17. The alleged debt which INTEGRITY attempted to collect from the Plaintiff was incurred for personal, family or household purposes.

18. During the 12 months directly preceding the filing of this complaint, INTEGRITY made telephone communications to Plaintiff.

19. It is the practice and procedure of INTEGRITY not to leave its business name in telephone voice mail communications to consumers such as Plaintiff.

20. It is the practice and procedure of INTEGRITY not to identify itself as a debt collector in telephone voice mail communications to consumers such as Plaintiff.

21. It is the practice and procedure of INTEGRITY not to disclose the purpose of the call in telephone voice mail communications to consumers such as Plaintiff.

22. In at least one telephone voice mail communication sent to Plaintiff, INTEGRITY did not meaningfully disclose its identity.

23. In at least one telephone voice mail communication sent to Plaintiff, INTEGRITY did not state that the communication was from a debt collector.

24. In at least one telephone voice mail communication sent to Plaintiff, INTEGRITY, did not state that the purpose of the communication was an attempt to collect a debt.

25. INTEGRITY's ordinary course of business conduct violates multiple sections of the FDCPA.

26. INTEGRITY's policy for leaving messages with consumer debtors is intentional.

27. Alternatively, INTEGRITY's policy for leaving messages was measured and calculated.

28. Defendant's communications violate the Fair Debt Collection Practices Act.

29. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

30. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

31. Defendant's violations of the FDCPA include, but are not limited to, the following:

32. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

33. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e; and

34. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

35. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendant to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

**SKAAR & FEAGLE, LLP**

by:   /s/ James M. Feagle
        James M. Feagle
        Georgia Bar No. 256916
        jimfeagle@aol.com
        108 East Ponce de Leon Avenue
        Suite 204
        Decatur, GA 30030
        404 / 373-1970
        404 / 601-1855 fax

        Kris Skaar
        Georgia Bar No. 649610
        krisskaar@aol.com
        Justin T. Holcombe
        Georgia Bar No. 552100
        jholcombe@skaarandfeagle.com
        P.O. Box 1478
        331 Washington Ave.
        Marietta, GA 30061-1478
        770 / 427-5600
        404 / 601-1855 fax